# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANTHONY FANIA on behalf of herself and others similarly situated, | : :  CIVIL ACTION FILE NO. |
| Plaintiff, | : : |
| v. | : **COMPLAINT – CLASS ACTION** : |
| KIN INSURANCE, INC. | : : **JURY TRIAL DEMANDED** |
| Defendant. | : : |

Plaintiff Anthony Fania (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by KIN Insurance, Inc. ("KIN Insurance") to market their insurance services through unsolicited pre-recorded telemarketing calls without the prior express consent of the call recipients.

3. Mr. Fania received such a call and because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons.

## PARTIES

4. Plaintiff Anthony Fania is an individual.

5. Defendant KIN Insurance, Inc. is a Delaware corporation with its principal place of business in this District and a Registered Agent of The Corporation Company, 40600 Ann Arbor Rd., Suite 201, Plymouth, MI 48170.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has general jurisdiction over KIN Insurance, Inc. because it resides in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the TCPA violative conduct to Plaintiff was directed from this District.

## TCPA BACKGROUND

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. The TCPA also makes it unlawful to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a

3

message without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(B).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers, services for which the called party is charged for the call, and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

15. The Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

16. KIN Insurance provides insurance services.

17. At no point prior to the telemarketing calls that Plaintiff received that led to this lawsuit, did the Plaintiff seek out or solicit information regarding the mortgage services promoted by KIN Insurance.

18. Plaintiff's telephone number, 973-XXX-1248, has been on the National Do Not Call Registry since 2004.

19. Despite this, the Plaintiff received a pre-recorded telemarketing call from the Defendant on August 29, 2022.

20. The recorded message asked if the call recipient was looking for home insurance.

21. The Plaintiff recognized he was speaking to a robot, so he interrupted the recorded message asked the robot a question.

22. There was no response from the robot because the call was pre-recorded.

23. The Plaintiff was then told by a live agent that they were calling from KIN Insurance.

5

24. The Plaintiff then received another call from Tamely Jobs, who was following up on the pre-recorded call that the Plaintiff received, and continued to promote the Defendant's services.

25. All class members, as defined below, have had their privacy invaded through receipt of the telemarketing calls.

## Class Action Allegations

26. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

27. The Class of persons Plaintiff proposes to represent is tentatively defined as:

> All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to a cellular telephone number; (c) using the same or a similar recorded message used in calling Plaintiff; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

28. Excluded from the Class is the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

29. The class as defined above is identifiable through phone records and phone number databases.

30. The potential class members number is likely at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individual a day. Individual joinder of these persons is impracticable.

31. Plaintiff Fania is a member of the class.

32. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Defendant made the calls at issue with a pre-recorded message as that term is defined by the TCPA;

    b. Whether Defendant placed calls without obtaining the recipients' prior consent for the call; and

    c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

33. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

34. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect

the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

35. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

36. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

37. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

38. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

## Count One:
## Violation of the TCPA's Prohibition Against Automated Telemarketing

39. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

40. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the Class using a pre-recorded message.

41. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using a pre-recorded message, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for

emergency purposes, to any cellular telephone numbers using a pre-recorded message in the future.

43. The Defendant's violations were negligent and/or knowing.

## Relief Sought

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from making calls, except for emergency purposes, to any cellular telephone numbers using a pre-recorded message in the future.

B. Because of Defendant's violations of the TCPA, Plaintiff seeks for himself and the other putative Class members $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: October 3, 2022        PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff*

11