# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANTHONY FANIA on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIN INSURANCE, INC.<br><br>Defendant.<br>_____/ | CIVIL ACTION FILE NO. 2:22-cv-12354 |

## ANTHONY PARONICH DECLARATION

I, Anthony Paronich, declare under 28 U.S.C. § 1746 as follows:

1. I am an attorney for the plaintiff in the above-captioned action.

2. If the Court is inclined to grant Kin's motion, Plaintiff respectfully requests that the Court defer deciding the motion so plaintiff may take discovery under Rule 56(d).

3. Although plaintiff disputes that defendant has adequately supported its motion with facts based on personal knowledge, if the Court is inclined to accept those facts, plaintiff cannot adequately respond to them without discovery.

4. Plaintiff does not have access to the documents defendant relies on and defendant has not produced all documents it relies on.

1

5. Defendant also has not explained how it created the documents it relies on, whether a third-party created them, or its record keeping practices for creating, requesting, and maintaining those records.

6. Plaintiff disputes visiting dailyinsurancedeals.com or agreeing to its terms. Discovery is thus necessary to resolve this dispute because plaintiff has placed any alleged "contract formation" in issue.

7. Plaintiff would target his discovery at the contract formation issue, seeking information related to how the records defendant relies on were made, who made them, whether they qualify as "business records," and how they establish that an individual named "Tony Fania" visited dailyinsurancedeals.com, if at all.

8. Specifically, plaintiff requests the right to serve interrogatories, document requests, and take depositions under Rule 30(b)(6) of defendant and dailyinsurancedeals.com's corporate representatives.

9. Although plaintiff reserves any right to revise these requests based on the Court's orders, plaintiff would serve interrogatories on defendant requesting:

    a. That defendant describe its processes for creating all records it relies on to support its motion to compel arbitration;

    b. How defendant came into possession of the information it relies on to support its allegations that plaintiff visited dailyinsurancedeals.com and agreed to the website's terms;

  c.  All knowledge defendant had of dailyinsurancedeals.com's record-keeping practices before defendant moved to compel arbitration;

  d.  Whether defendant took steps to verify information related to plaintiff or "Tony Fania" that it received from third-parties, including dailyinsurancedeals.com, and what those steps were; and

  e.  Defendant's record-keeping practices in requesting information from dailyinsurancedeals.com, including how it integrates such records into its own as a "regular practice," if at all.

10. For plaintiff's document requests, plaintiff would serve requests for the following from defendant:

  a.  All documents in its possession related to its contention that plaintiff visited dailyinsurancedeals.com and agreed to its website terms;

  b.  All documents showing how defendant created or requested the documents related to its contention that plaintiff visited dailyinsurancedeals.com and agreed to the website's terms;

  c.  All documents showing defendant's knowledge of dailyinsurancedeals.com's record-keeping practices; and

  d.  All documents related to its record-keeping practices in requesting information from dailyinsurancedeals.com, including how it integrates such records into its own records as a "regular practice," if at all.

11. Plaintiff would subpoena the following documents from dailyinsurancedeals.com:

   a. All documents in its possession related to plaintiff or "Tony Fania";

   b. All documents showing plaintiff or "Tony Fania" agreed to its website terms, if any such documents exist;

   c. All documents showing how it transmits information to Kin; and

   d. All documents showing how it sent information related to plaintiff or "Tony Fania," if at all.

12. As Rule 30(b)(6) topics, plaintiff would identify the following for its deposition of defendant:

   a. Defendant's responses to plaintiff's interrogatory requests;

   b. Defendant's production in response to plaintiff's document requests;

   c. How defendant created or came into possession of the facts related to its contention that plaintiff visited dailyinsurancedeals.com and agreed to its website terms;

   d. Defendant's record-keeping practices;

   e. Defendant's knowledge of dailyinsurancedeals.com's record-keeping practices;

    f.    Whether and how defendant verified any information it received from third-parties, including dailyinsurancedeals.com, related to plaintiff or "Tony Fania"; and

    g.    Defendant's knowledge of how dailyinsurancedeals.com created any records related to plaintiff and dailyinsurancedeals.com.

13.    As Rule 30(b)(6) topics, plaintiff would identify the following for its deposition of dailyinsurancedeals.com:

    a.    How it generated any documents or information related to plaintiff or a "Tony Fania";

    b.    Its routine or regular processes for sending information and records to defendant;

    c.    Its process for sending information to defendant related to plaintiff or a "Tony Fania."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2022, in Plymouth, Massachusetts.

By: __/s/ Anthony Paronich_____

Anthony Paronich