UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY FANIA,
ON BEHALF OF HIMSELF
AND OTHERS SIMILARLY SITUATED

      Plaintiff,

                              Case No. 22-12354
                              HON. GERSHWIN A. DRAIN

vs.


KIN INSURANCE, INC.,

      Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE DISCOVERY

### I. Introduction

Plaintiff Anthony Fania ("Fania" or "Plaintiff") filed this lawsuit in October 2022 on behalf of himself and others similarly situated. [ECF No. 1]. The class action complaint accuses Defendant Kin insurance ("Kin" or "Defendant") of violating the Telephone Consumer Protection Act, 47 U.S.C § 227 (b) (the "TCPA"). ECF No. 1, PageID.9. Plaintiff's claim is based on an alleged "pre-recorded" call to his cell phone on August 29, 2022.

Before the Court is Defendant Kin's Motion to Bifurcate Discovery. It was filed on October 23, 2023. Plaintiff responded on November 7, 2023, and Defendant replied on November 9, 2023. The motion is fully briefed.

Upon review of the parties' briefing and applicable authority, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve Defendant's Motion for Bifurcation on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, Defendant's Motion is **GRANTED**.

## II. Factual and Procedural Background

Kin sells insurance products in multiple states and consumers may request an insurance quote from Kin through various websites. It alleges that, on August 29, 2022, Fania visited [www.dailyinsurancedeals.com](www.dailyinsurancedeals.com) (the "subject website"), to request an insurance quote.

On the other hand, Plaintiff alleges that he "received a pre-recorded telemarketing call from the Defendant on August 29, 2022," and during that call, a "recorded message asked if the call recipient was looking for home insurance." ECF No. 1, PageID.5. Plaintiff says he "recognized" that "he was speaking to a robot, so he interrupted the recorded message asked the robot a question" and did not receive a response. *Id*. He was then told by a live agent that they were calling

from Kin Insurance. *Id*. Plaintiff "then received another call from Tamely Jobs, who was following up on the pre-recorded call that the Plaintiff received and continued to promote the Defendant's services." *Id*.

Fania subsequently commenced the instant action. Kin filed a Motion to Compel Arbitration, arguing that Fania had signed an arbitration agreement. Because Fania denied signing the agreement, the Court determined that Fania had "sufficiently put[] 'in issue' the formation of the agreement and its alleged signing by him." ECF No. 16, PageID.209. And the Court stated that, "as required by [the Federal Arbitration Act, 9 U.S.C.] § 4, the Court will 'proceed summarily to the trial' on the disputed question." *Id*. Accordingly, the Court set a trial date and ordered the parties to conduct discovery "for the limited purpose of addressing the contract formation issue[.]" *Id*. at PageID.211.

Before the trial date, however, Defendant voluntarily withdrew the Motion to Compel Arbitration and raised the issue of bifurcation. *See* ECF No. 22. And the Court subsequently ruled, by stipulation of the parties, that "merits discovery may proceed generally while and until the Court decides the bifurcation issue, provided that (a) Kin will not need to respond to any classwide discovery issued by Plaintiff until thirty (30) days after the Court rules on bifurcation, and (b) Plaintiff shall not serve discovery regarding classwide issues on third-parties while the Court considers the bifurcation issue." ECF No. 26, PageID.256.

### III.    Applicable Law and Analysis

Fania is the sole named Plaintiff in this action. Defendant asserts that "[i]f a live person indeed initiated and conducted the call(s) at issue here or if Kin is not legally responsible for any supposed 'pre-recorded' calls that Plaintiff did receive (as discovery on these narrow issues will prove), there will be no need for invasive and burdensome additional discovery, let alone class discovery, because this entire case will be over (on its merits and for lack of standing)." ECF No. 28, PageID.266. Accordingly, Defendant argues that bifurcation is necessary to resolve "the narrow case-dispositive questions of[:] (1) whether Plaintiff himself received a pre-recorded call (and therefore could even attempt to bring a claim on behalf of the putative class)[,] and (2) whether Kin is legally responsible for such calls." *Id.*, at PageID.268.

District courts possess "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Additionally, Fed. R. Civ. P. 42 (b) permits a district court to "bifurcate trial on separate issues in furtherance of convenience, to avoid prejudice, or when separate trials will be conducive to expedition and economy." *Marchese v. Milestone Sys., Inc.*, No. 12-12276, 2013 WL 12183618, at *2 (E.D. Mich. Dec. 3,

2013). Again, "[w]hether to try issues separately under Rule 42(b) is within the district court's discretion." *See Hines v. Joy Mfg. Co*., 850 F.2d 1146, 1152 (6th Cir. 1988) (noting that a bifurcation of claims is permissible if it serves judicial economy and does not unfairly prejudice any party). However, "[t]he party seeking bifurcation has the burden of demonstrating judicial economy would be promoted and that no party would be prejudiced by separate trials." *Id*., (quoting *K.W. Muth Co. v. Bing-Lear Mfg. Group*, No. 01-CV-71925, 2002 WL 1879943, *3 (E.D. Mich. July 16, 2002) (quotation marks and citation omitted). The decision to bifurcate is made "on a case-by-case basis" and is "[u]ltimately" a practical decision. *Id*. (quotation marks and citations omitted).

Under § 227 (b)(1)(A), it is unlawful for any person to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party)" to a recipient in the United States "using any automatic telephone dialing system or an artificial or prerecorded voice." Thus, the dispositive issue for Fania turns on the question of whether he received a call that was made using prerecorded voice. *See, e.g., Ashland Hosp. Corp. v. Serv. Emps. Int'l Union*, 708 F.3d 737, 743 (6th Cir. 2013) (affirming dismissal of TCPA claims because plaintiff did not receive any prerecorded calls).

In the Court's view, bifurcating discovery into plaintiff specific and class wide phases is the most efficient way to proceed with this litigation. In cases

asserting both individual liability and potential class action claims under the TCPA, courts have bifurcated discovery "where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery." *Pavelka v. Paul Moss Ins. Agency, LLC,* No. 1:22 CV 02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023); *see e.g., Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (bifurcating discovery in TCPA case after determining that whether an automatic dialing system was used was an issue of liability distinct from class certification, and "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive");

Here, the need for class discovery may be eliminated if Kin is able to demonstrate that Fania, the sole named Plaintiff, lacks a viable individual claim. *See Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) ("Despite the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved."). Further, class discovery regarding potential class members, the number of which is "likely at least in the thousands[,]" ECF No. 1, PageID.7, is not necessary to address certain issues that

may be dispositive of Fania's individual claim and ability to represent the purpoted class. This includes whether the phone call was pre-recorded.

Additionally, the evidence so far discovered with respect to Fania has revealed a vigorous dispute regarding a purportedly fraudulent lead that resulted in Fania's information being entered on www.dailyinsurancedeals.com. It was either Fania, or someone pretending to be Fania, that consented to receive insurance quotes and arbitrate potential issues resulting from this transaction. In these circumstances, the Court finds that this narrow and potentially dispositive issue is distinct from issues of liability to be determined in this case on a class-wide basis. Accordingly, and for purposes of efficiency, the Court will review evidence and make a determination with regard to Fania's plaintiff-specific claim prior to costly and time-consuming class discovery.

Proceeding in this manner serves the interests of justice and efficiency. *See Physicians Healthsource, Inc. v. Janssen Pharm, Inc.*, Civil Action No. 12-2132 (FLW), 2014 WL 413534, at *4-5 (D.N.J. Feb. 4, 2014) (bifurcating discovery in TCPA fax case based on a narrow, potentially dispositive issue that was distinct from class issues, and recognizing that bifurcation had the potential to "save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery"); *see also Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) ("[C]lass

discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are within the TCPA, whether named [p]laintiffs' are within the classes they purport to represent, and whether any named [p]laintiffs with a viable claim can demonstrate the Court's jurisdiction to resolve that claim."). Further, the distinctions between the narrow and potentially dispositive issue with respect to Fania, and the issues of liability to be determined on a class-wide basis render this case distinguishable from *McClusky*. There, the Court determined, in a non-TCPA case, that bifurcation was inappropriate because, *inter alia*, "the discovery relative to class issues and merits discovery will significantly overlap, thereby creating inefficiencies were the Court to bifurcate discovery." *McCluskey v. Belford High Sch.*, No. 09-CV-14345, 2011 WL 13225278, at *3 (E.D. Mich. Mar. 10, 2011).

Plaintiff argues that bifurcating discovery would defeat efficiency and thereby prejudice him. He says he has previously made discovery requests for Kin to produce messages between it and dailyinsurancedeals.com, including on the process for verifying leads. Plaintiff believes that this information "affects Mr. Fania just as much as it does the class." ECF No. 32, PageID.321. His argument also suggests that bifurcation would engender additional motion practice about the

distinction between merits discovery and class wide discovery. *Id*. And he says that:

> Kin forecasted it will withhold documents like this if the Court bifurcates discovery because it believes they relate only to "classwide" issues. In other words, Kin does not intend to produce "merits" discovery no matter how the Court defines it, meaning Mr. Fania will be back in Court to demand documents. That is not "efficient."

ECF No. 32, PageID.315.

Plaintiff's argument is not well taken. As stated *infra*, it was nearly seven months ago when the Court ordered the parties to conduct merits discovery regarding Plaintiff's claims and barred the parties from engaging in class-wide discovery. Class-wide discovery has been off limits, and merits discovery as to Fania is ongoing. Yet, Fania has not raised an issue or filed a discovery motion regarding any unsatisfied discovery requests, which belies his assertion that bifurcating this case "will lead to litigation over what 'bifurcation' means and delay this yet-to-start [class-wide discovery period] again." *Id*. However, Fania is permitted to file a motion if Kin wrongfully denies him discovery to which he is entitled given his individual claim.

In the Court's view, requiring the parties to continue down the path of Plaintiff specific discovery—rather than setting a new discovery schedule for class

wide issues at this juncture—is the most efficient way to assure an expeditious resolution to this case. And it is the most efficient use of the Court's resources.

## IV.    Conclusion

For the reasons stated above, the Court orders the following:

1. Defendant's Motion for Bifurcation is **GRANTED**.

2. Discovery will be phased/bifurcated according to the following schedule:

   a.  Discovery as to the merits of Plaintiff's individual TCPA claim against Defendant shall proceed for **thirty (30) days** after entry of this order, subject to any extensions granted by the court;

   b. Opening summary judgment motions as to the merits of Plaintiff's individual TCPA claim shall be due **thirty (30) days** after the close of the initial phase of individual discovery;

   c. Oppositions to summary judgment due **thirty (30) days** after service of opening motions; and

   d. Reply briefs in support of summary judgment due **fifteen (15) days** after service of oppositions.

3. Discovery during this initial period shall be limited to issues relevant to determining the merits of Plaintiff's individual TCPA claim.

4. The Parties may issue third party discovery requests during this initial period as needed, but class related discovery shall not be allowed. To the extent Plaintiff has already issued any class discovery, Defendant need not respond to same.

5. If necessary, the Court will set a case management status conference and schedule for class wide discovery after it has ruled on summary judgment motion(s) relating to Plaintiff's individual claim.

**IT IS ORDERED**

Dated:  May 24, 2024                    /s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 24, 2024, by electronic and/or ordinary mail.
/s/A. Chubb for Teresa McGovern
Deputy Clerk